# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 304-10349 |
| THACH FLOORING, INC., | ) CHAPTER 7 |
| | ) (CONVERTED FROM CHAPTER 11) |
| Debtor, | ) |
| | ) JUDGE HARRISON |
| | ) |
| THACH FLOORING, INC., | ) ADV. NO. 305-0032A |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CEDRIC AND MARION KOLSTAD, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court upon the defendants' motion for judgment on the pleadings. For the following reasons, the Court finds that the defendants' motion should be denied.

## I. BACKGROUND

The debtor filed its voluntary bankruptcy petition under Chapter 11 on August 25, 2004. The defendants leased commercial property to the debtor. On December 1, 2004, the defendants filed a motion to remove the debtor from the leased premises on an expedited basis. The matter was heard on December 7, 2004, at which hearing, the debtor did not oppose the relief granted. On December 10, 2004, this Court entered an order granting the defendants immediate possession of the leased premises.

It appears that shortly thereafter, the defendants had the locks changed at the property, with the debtor's inventory still inside the premises. In response to the defendants' actions, the debtor filed this adversary complaint, seeking damages for wrongful eviction and equitable subordination of the defendants' claim. On February 18, 2005, the bankruptcy case was converted to Chapter 7, and a Trustee was appointed.

## II. ARGUMENTS

The defendants are seeking a judgment on the pleadings in this adversary. Initially, the defendants assert that the debtor does not have standing to pursue this complaint because the case has been converted to Chapter 7. In addition, the defendants submit that the Trustee has been provided with notice of the adversary and the motion for judgment on the pleadings

and expressed no opposition to the motion.[1]  Substantively, the defendants assert that the Bankruptcy Code did not require them to seek relief in state court after the surrender order was entered by this Court.

In response, the debtor asserts that it does have standing to prosecute the adversary complaint as a party in interest and that any judgment would go to the benefit of the estate or the Trustee could take over the adversary.  If the adversary is abandoned by the Trustee, the debtor submits that it would still have the right to proceed.  Moreover, as to the merits, the debtor asserts that the defendants should have enlisted the aid of the appropriate state court and that the defendants were not entitled to use self-help to dispossess the debtor from the property.

### III. DISCUSSION

The initial question, and the only issue this Court must decide at this juncture, is whether the debtor lacks standing to prosecute this adversary now that its case has been converted to Chapter 7.

There is no dispute that the debtor, acting as the debtor-in-possession, had standing to bring the adversary proceeding prior to the conversion.  Instead, the issue is whether the

---

[1] The Court notes that the electronic receipts for the defendants' pleadings do not reflect that the Trustee was served with any of the pleadings properly filed in this adversary case.

debtor retains standing now that the case has been converted and the Chapter 7 Trustee has been appointed.

To answer this question, the Court must determine whether this adversary is part of the bankruptcy estate. If the adversary is property of the estate, the Trustee is the sole representative of the estate once the case was converted to Chapter 7. The normal starting point is 11 U.S.C. § 541(a)(1), which provides that the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Here, the cause of action did not arise until after the bankruptcy petition was filed. However, the estate also includes all post-petition property interests acquired by the estate. *See* 11 U.S.C. § 541(a)(7). Specifically, 11 U.S.C. § 541(a)(7) provides that property of the estate also includes property interests "acquire[d] after the commencement of the case." This generally includes causes of action arising after the debtor files for bankruptcy. *See Nat'l Convenience Stores, Inc. v. Shields (In re Schepps Food Stores, Inc.),* 160 B.R. 792, 799 (Bankr. S.D. Tex. 1993) (derivative action for breach of fiduciary duty arising post-petition became property of estate pursuant to § 541(a)(7)); *Stanley v. Sherwin-Williams Co.,* 156 B.R. 25, 26 (W.D.Va.1993) (cause of action arising during pendency of Chapter 11 proceeding became property of estate); *In re Acton Foodservices Corp.,* 39 B.R. 70, 72 (Bankr. D. Mass. 1984) (potential post-petition causes of action became property of Chapter 7 estate because legal or equitable rights of debtor in underlying real property from

which those causes of action derived had become property of Chapter 7 estate before causes of action accrued). *But see In re Durrett*, 187 B.R. 413, 419 (Bankr. D.N.H. 1995) (post-petition action based on personal injury to individual debtor did not become part of bankruptcy estate); *In re Domeling*, 127 B.R. 954, 955-56 (W.D. Pa. 1991) (same).

The key is whether the post-petition property was acquired by the estate itself, as opposed to the debtor, after the commencement of the bankruptcy proceeding. *Monroe-Wade v. Bailey (In re Wade)*, 287 B.R. 874, 881 (S.D. Miss. 2001). Here, the complaint is based on alleged damages caused to the bankruptcy estate, and it is the estate which would benefit from a judgment. In other words, the adversary was brought by the debtor, who was in possession of the estate when the alleged claim accrued, however the debtor was only acting as the representative of the estate. Therefore, the estate remains the real party in interest, and because the case has now been converted to Chapter 7, it is the Chapter 7 Trustee who is the sole representative of the bankruptcy estate. Thus, the debtor no longer has standing to prosecute this adversary proceeding.

This conclusion, however, does not stop the inquiry. As stated, the Chapter 7 Trustee, as the representative of the estate, is currently the only party with standing to prosecute this adversary. Pursuant to 11 U.S.C. § 554, after notice and a hearing, the Trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value

and benefit to the estate or the Court can order the abandonment of property upon the motion of a party in interest for the same reason. Here, the Chapter 7 Trustee has not been officially noticed on any of the pleadings in this adversary, the Chapter 7 Trustee has not requested that his interest in the adversary be abandoned, nor has he indicated whether or not he will step into the shoes of the debtor and pursue this action on behalf of the estate.[2]

## IV. CONCLUSION

Accordingly, while the debtor does not have standing to pursue this adversary, it would be inappropriate to consider the merits of the motion for judgment on the pleadings until the Trustee's position is on the record. Hence, the Court finds that the motion for judgment on the pleadings should be denied.

An appropriate order will enter.

*[signature]*
MARIAN F. HARRISON
UNITED STATES BANKRUPTCY JUDGE

---

[2] A debtor may regain standing to pursue a cause of action if such action is abandoned by the Trustee. *Williams v. United Technologies Carrier Corp.*, 310 F. Supp. 2d 1002, 1010 (S.D. Ind. 2004) (quoting *Anderson v. Acme Markets, Inc.*, 287 B.R. 624, 629 (E.D. Pa. 2002)).

6-U.S. Bankruptcy Court, M.D. Tenn.